Frederick D. Braid
Howard Sokol
Katherine H. Marques
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY  10019
Telephone:  (212) 513-3200
Facsimile:   (212) 385-9010
fred.braid@hklaw.com
howard.sokol@hklaw.com
katherine.marques@hklaw.com

*Attorneys for Petitioner*
Tishman Construction Corporation

**15 CV 5217**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TISHMAN CONSTRUCTION CORPORATION,

    Petitioner,

-against-

THE DISTRICT COUNCIL OF NEW YORK CITY AND VICINITY OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL-CIO,

    Respondent.

15 CV _____ ( )

---

### MEMORANDUM OF LAW IN SUPPORT OF
### PETITION TO CONFIRM ARBITRATION AWARD

This memorandum of law ("Memorandum") is submitted on behalf of Petitioner, Tishman Construction Corp. ("Tishman"), in support of its Petition to Confirm Arbitration Award (the "Petition") and application for a temporary restraining order and preliminary injunction to enforce the arbitration award directing Respondent, the District Council of New

York City and Vicinity of the United Brotherhood of Carpenters and Joiners of American, AFL-CIO (the "Union" or the "Carpenters"), its officers and members to cease and desist from refusing to perform services and to further enjoin the Union, its officers and members, from engaging in any work stoppages in contravention of the applicable Project Labor Agreements ("PLA") between Tishman and the Union (the "Parties").

## PRELIMINARY STATEMENT

Petitioner's application arises out of the Union's disregard for a Cease and Desist Consent Order, issued on July 2, 2015, by Arbitrator Richard Adelman ("Order"), pursuant to expedited arbitration in accordance with the terms of PLAs in force between the Parties. The Order (a true and correct copy is annexed to the Petition as "Exhibit E") states that, notwithstanding the no-strike provision in the Parties' PLAs, "Union represented employees covered under the PLAs engaged in a strike at the Project Sites on July 1, 2015 and July 2, 2015." The Order, which was stipulated to by the Parties, enjoined the Union, its officers, agents, representatives, members, and employees from engaging in any strike or work stoppage at the identified Project Sites, *i.e.,* the construction projects at (i) Flushing Commons Municipal Lot #1 ("Flushing Commons"), (ii) One West End Avenue ("West End"), and (iii) World Trade Center Tower 3 ("WTC"). Despite the Order, Union-represented employees failed to report to the Project Sites at Flushing Commons and West End the following work day, July 3, 2015. Without judicial intervention enforcing the Order and preventing members and officers of the Union from future violations of this decision, Tishman will suffer irreparable harm.

## STATEMENT OF FACTS

The facts of this case relevant to Petitioner's application are set forth in the Petition and the Declarations identified therein, to which the Court is respectfully referred.

2

#36061776_v3

# ARGUMENT

## I

## THE COURT MUST ENFORCE THE ARBITRATOR'S CEASE AND DESIST ORDER

A.   Under Well-Settled Law this Court Should Issue an Injunction Enforcing the Arbitrator's Cease and Desist Order

Section 4 of the Norris LaGuardia Act, 29 U.S.C. § 104, denies federal courts jurisdiction to issue injunctions against various concerted activities, including strikes and work stoppages "in any case involving or growing out of any labor dispute." *San Francisco Elec. Contractors Ass'n, Inc. v. Int'l Bhd. of Elec. Workers, Local No. 6*, 577 F.2d 529, 531 (9th Cir. 1978). Nevertheless, the strong national labor policy in support of collectively-bargained dispute settlement procedures empowers the courts to issue injunctions to prevent the violation of an arbitrator's decision to cease and desist from striking in violation of a contractual no-strike clause. *New Orleans Steamship Ass'n v. Gen. Longshore Workers*, 626 F.2d 455, 466 (5th Cir. 1980); *San Francisco Elec. Contractors Ass'n*, 577 F.2d at 532.

It has long been settled that a court may issue an injunction to enforce an arbitrator's lawful award. *Buffalo Forge Co. v. United Steelworkers of America, AFL-CIO*, 428 U.S. 397, 405 (1976); *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593 (1960); *Boston Celtics Ltd. Partnership v. Shaw*, 908 F.2d 1041, 1047 (1st Cir. 1990); *New Orleans Steamship Ass'n*, 626 F.2d at 466; *San Francisco Elec. Contractors Ass'n*, 577 F.2d at 532; *Alyeska Pipeline Serv. Co. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, 557 F.2d 1263, 1268 (9th Cir. 1977); *N.Y. Times Co. v. N.Y. Stereotypers' Union No. 1*, No. 92 Civ. 6730, 1992 WL 251457, at *5 (S.D.N.Y. Sept. 18, 1992). The Supreme Court of the United States explicitly recognized the ability of the courts to enforce an arbitration award directing union members to return to work upon a finding that the strike was

illegal. *See Buffalo Forge*, 428 U.S. at 405. The Court in *Buffalo Forge* noted that "were the issue arbitrated and the strike found illegal, the relevant federal statutes as construed in our cases would permit an injunction to enforce the arbitral decision." *Id.*

The Circuit Courts have consistently applied this principle to situations similar to the one here. For example in *Alyeska Pipeline Serv. Co.*, the defendant union began picketing a pipeline project work site in violation of the contractual no-strike clause. 557 F.2d at 1264. The plaintiff employer sought and obtained an arbitration award finding that the picketing violated the no-strike clause and ordering the union to cease and desist. *Id.* at 1265. The employer then went to the district court to obtain injunctive relief to enforce the arbitration award. *Id.* at 1265-66. The district court was held to have jurisdiction to enforce the arbitral award and did so. On appeal, the Ninth Circuit affirmed the issuance of injunctive relief in connection with enforcement of the arbitral award. *Id.* at 1268. *See also New Orleans Steamship Ass'n*, 626 F.2d at 468-69 (affirming injunction preventing violation of arbitration decisions to cease and desist work stoppages found in violation of no-strike clause); *Pac. Maritime Ass'n. v. Int'l Longshoremen's and Warehousemen's Union*, 454 F.2d 262, 263 (9th Cir. 1971) (affirming arbitral order to discontinue strike found to be in violation of no-strike clause).

Here, similar to *Alyeska Pipeline Serv. Co.*, members of the Union have violated the no-strike clause of the relevant PLAs, the arbitrator found this to be the case, and Arbitrator Adelman has issued the Order, with which the Union members have overtly refused to comply. This court plainly has jurisdiction to enforce the award, ordering the Union to cease and desist from violating the no-strike provision in the respective PLAs. This flagrant violation cannot be permitted to occur again because if the arbitration process can be frustrated by a union's refusal

4

to abide by the arbitrator's decision, submission to arbitration would be meaningless. *See N.Y. Times Co. v. N.Y. Stereotypers' Union No. 1*, 1992 WL 251457, at *2.

**B.    The Arbitration Award is Lawful and Should be Enforced**

An arbitrator's award is enforceable if it, *inter alia*, draws its essence from the labor agreement. *Local 97, Int'l Bhd. of Elec. Workers, AFL-CIO v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999); *New Orleans Steamship Ass'n*, 626 F.2d at 468; *Alyeska Pipeline Serv. Co.*, 557 F.2d at 1267. In *New Orleans Steamship Ass'n*, for example, the court held that the arbitrator's award directing union members to cease and desist from conducting a strike in violation of the collective bargaining agreement was sufficiently drawn from the collective bargaining agreement due to the no-strike clause in the agreement. *Id.*

Here, as in *New Orleans Steamship Ass'n*, the PLAs include clear no-strike clauses. The relevant PLA provisions in the respective PLAs applicable to the Flushing Commons and West End projects provide that:

> *There shall be no strikes, sympathy strikes, picketing, work stoppages, slowdowns, hand billing, demonstrations or other disruptive activity on Project Work for any reason by any Union or employee against the Owner/Developer, Construction Manager and Contractors or other employers.* This Agreement, including the provisions of this Article, shall apply to all Project Work and any work that is not covered by this Agreement is not considered Project Work and shall not be covered by this provision of the Agreement. There shall be no lockout at this Project Work site by the Owner/Developer, Construction Manager or any Contractor. Contractors and Affiliated Unions shall use their best efforts to ensure compliance with this Section and to ensure uninterrupted construction and the free flow of traffic in the Project area for the duration of this Agreement. The Unions reserve all of their collective bargaining rights with respect to the negotiation of successor collective bargaining agreements.

(Exs. A and B to Petition, Art. 7, Sec. 1) (emphasis added).

The Union employees' refusal to perform services from July 1, 2015 to date is in clear violation of the no strike provision of the PLAs, as reflected in Arbitrator Adelman's Order. (Ex. E to Petition). Thus, the Order properly directing the Union members to cease and desist from refusing to perform services was clearly drawn from the "essence [of] the [labor] agreement," which Respondent acknowledged in consenting to such Order. *See, e.g., Local 97, Int'l Bhd. of Elec. Workers*, 196 F.3d at 124; *New Orleans Steamship Ass'n*, 626 F.2d at 468. It is undisputed that Respondent unlawfully disregarded the Order when it failed to resume work at the identified Project Sites on July 3, 2015.

## II

### ALL EQUITABLE FACTORS FOR GRANTING TEMPORARY RELIEF ARE PRESENT HERE

In this Circuit, temporary relief, including the granting of a temporary restraining order or a preliminary injunction, should issue upon a showing of (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the equitable relief. *N.Y. Times Co. v. N.Y. Stereotypers' Union No. 1*, 1992 WL 251457, at *9; *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992), *cert. denied*, 506 U.S. 953 (1992).

Tishman satisfies the requirements under either prong of the *New York Times Co.* test. There can be no question of irreparable harm. Work stoppages or delays have been found to cause irreparable harm because of the associated loss of goodwill. *See, e.g., E.E.O.C. v. New York Times Co.*, 53 F. Supp. 2d 575, 584 (S.D.N.Y. 1998). As explained, "[t]he loss of business, business reputation and customer goodwill due to work stoppages constitutes irreparable harm, and courts in this Circuit have granted preliminary injunctions" on that basis. *Will Poultry, Inc.*

*v. Teamsters Local 264*, No. 13-CV-1135, 2013 WL 6837547, at *9 (W.D.N.Y. Dec. 23, 2013). Indeed, it is, in general, a well-settled rule that the loss of goodwill associated with a business constitutes irreparable harm sufficient to justify injunctive relief. *See, e.g., Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907-08 (2d Cir. 1990); *Elevator Mfrs.' Ass'n of N.Y., Inc. v. Local 1, Int'l Union of Elevator Constructors*, 689 F.2d 382 (2d Cir. 1982); *New York Times Co. v. Newspaper and Mail Deliverers' Union of N.Y. and Vicinity*, 464 F. Supp. 1281, 1284-85 (S.D.N.Y. 1979); *Jacobson & Co., Inc. v. Armstrong Cork Co.*, 548 F.2d 438, 445 (2d Cir. 1977); *Interphoto Corp. v. Minolta Corp.*, 417 F.2d 621, 622 (2d Cir. 1969).

As the Construction Manager on each of the projects at issue, Flushing Commons and West End, Tishman's responsibilities include efficient management of each project in order to complete them on time and within budget. In furtherance of that objective, Tishman entered into the respective PLAs in order to assure itself that working with the union trades would not cause any job disruptions. In fact, the very essence of each PLA with the Building and Construction Trades Council on behalf of all of its constituent unions is the commitment that there will be no strikes for the duration of the project by any union signatory, which includes the District Council. (Exhibits A and B to Petition, Article 7, Section 1). The centrality and significance of this commitment to the PLA is evidenced by the Parties' further agreement to a separate and distinct expedited arbitration procedure for the sole purpose of addressing violations of the no-strike commitment much more quickly than would be the case in the usual grievance procedure. (*Id.* Section 4). Tishman immediately invoked the expedited arbitration procedure within the first few hours of the strike, and Arbitrator Adelman convened a hearing within the specified contractual time frame. As contemplated by the Parties' agreement on this critical subject, Arbitrator Adelman issued his award, the Order, expeditiously on the second day of the strike.

Nevertheless, the Union violated the Order and struck both sites on the third workday, this past Friday.

The failure to enforce the Order of Arbitrator Adelman in illegal strike situations violating the respective PLAs will cause Tishman to suffer permanent and irreparable damage and injury. First, its reputation and goodwill with the owners who engage Tishman because of its experience and proven track record will be sullied. In an environment facing increasing nonunion competition, the potential loss to Tishman is incalculable. Second, the Union's actions will make a mockery of the PLA itself that could jeopardize management of the projects for the balance of their respective terms, also with incalculable consequences for the projects, as well as Tishman's reputation and goodwill. Finally, the balance of harms factor also tips decidedly in favor of Tishman, which in in good faith complied fully with all of its contractual obligations under the PLAs by submitting this issue to the arbitrator. Tishman will suffer severe economic damages and irrevocable loss of goodwill if this Court were to deny Tishman's request for relief at this time. In contrast, Respondent failed to comply with the Order immediately after it was issued. It is very likely that the Union members will continue to dishonor this arbitration award directing them to adhere to the terms of the PLAs.

The equitable relief that Tishman is requesting requires only that the Union and its members abide by the Order issued by the Arbitrator Adelman, which they consented to by its terms. Because all of the requisite elements for the requested equitable relief are present, this Court should enforce the arbitrator's award, the Order requiring and directing that the Union cease and desist from its unlawful activity, and issue a temporary restraining order and, thereafter, a preliminary injunction enjoining the Union from violating Arbitrator Adelman's award and the clear terms of the Parties' PLAs.

#36061776_v3

Dated: New York, New York
July 6, 2015

                                              Respectfully submitted,

                                              HOLLAND & KNIGHT LLP

By: _____
                                              Frederick D. Braid
                                              Howard Sokol
                                              Katherine H. Marques
                                              HOLLAND & KNIGHT LLP
                                              31 West 52nd Street
                                              New York, NY  10019
                                              Telephone:  (212) 513-3200
                                              Facsimile:  (212) 385-9010
                                              fred.braid@hklaw.com
                                              howard.sokol@hklaw.com
                                              katherine.marques@hklaw.com

                                              *Attorneys for Petitioner*
                                              Tishman Construction Corporation

#36061776_v3